UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ERIC J. JOHNSON, #70717-067,**

    Petitioner,

v.                                             ACTION NO. 2:21cv245

**R. WILSON, Acting Warden[1],**
**FCC Petersburg,**

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eric J. Johnson ("Johnson") seeks a writ of habeas corpus under 28 U.S.C. § 2241 alleging error in the calculation of his federal sentence. Specifically, Johnson seeks credit for time spent in state custody prior to commencement of his federal sentence. The Respondent moved to dismiss Johnson's petition, or in the alternative for summary judgment, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Because the Federal Bureau of Prisons ("BOP") properly calculated Johnson's sentence, the undersigned recommends that the Respondent's Motion for Summary Judgment be granted, and the petition be dismissed.

**I.     RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Prior to his federal conviction, on June 8, 2012, Johnson was arrested by state authorities in Pennsylvania as a result of a drug transaction. Kelly Decl. ¶ 6 (ECF No. 8-1, at 2). Because he was then on parole for earlier convictions, he was recommitted to state custody to resume serving

---

[1] After Petitioner filed in this court, R. Wilson was appointed Acting Warden of Federal Correctional Complex Petersburg where he was then housed. Pursuant to Federal Rule of Civil Procedure 25(d) the Acting Warden is automatically substituted as the proper Respondent.

1

his originally imposed state sentences. Kelly Decl. ¶ 6, Attach. 2 (ECF No. 8-1, at 2, 12-13). He has remained in continuous custody since his state arrest. Id.

While in state custody, Johnson was indicted on federal charges on June 13, 2012. Kelly Decl. ¶ 7, Attach. 3 (ECF No. 8-1, at 2-3, 17-20). He was temporarily transferred to federal custody for proceedings in connection with the federal offense several times—on July 17, 2012, March 5, 2013 to August 15, 2013, December 5, 2013, and finally on July 30, 2014, the date of his federal sentencing. Kelly Decl. ¶ 7, Attach. 4 (ECF No. 8-1, 3, 23-24). Following his federal conviction, the district court ordered that his 200-month federal sentence run concurrent with the state sentences which Johnson had by then resumed serving in state prison. Kelly Decl. ¶ 8, Attach. 5 (ECF No. 8-1, at 3, 27). He entered BOP custody after completion of his state sentence on July 1, 2015, when he was taken into custody on a federal detainer to finish serving his concurrent federal sentence. Kelly Decl. ¶ 12, Attach. 4 (ECF No. 8-1 at 4, 23). Johnson was later transferred to Federal Correctional Center Petersburg, where he resided when he commenced this action.[2] His federal sentence was later reduced to 188 months under 18 U.S.C. § 3582(c)(2). Kelly Decl. ¶ 13, Attach. 7 (ECF No. 8-1, at 5, 36). At the time these matters were briefed, his projected release date was June 5, 2027. Kelly Decl. ¶ 13, Attach. 1 (ECF No. 8-1 at 5, 19).

Although Johnson did not begin serving prison time in a federal facility until July 2015, the BOP calculated Johnson's federal sentence as beginning July 30, 2014, the date he was sentenced by the federal court in Pennsylvania. Kelly Decl. ¶11 (ECF No. 8-1, at 4). This is because BOP designated his state facility as a state institution where service of the concurrent federal sentence would begin during the remainder of his state sentence. Kelly Decl. ¶¶ 10-11,

---

[2] Johnson was later transferred again and is presently housed at Federal Correctional Institute – Herlong, in Herlong, California. Because the Petition was properly commenced in the district where Johnson was then confined, his later transfer outside the district does not defeat jurisdiction. United States v. Edwards, 27 F.3d 564, at *1 (4th Cir. 1994) (unpublished) (table of decisions).

Attach. 6 (ECF No. 8-1 at 4, 34) (citing 18 U.S.C. § 3621(b)). However, Johnson did not receive credit against his federal sentence for the time he spent serving his state sentence from June 8, 2012, until his federal sentence was imposed July 30, 2014, and it is this allegedly denied sentencing credit which he challenges in this habeas claim. Johnson argues that, because the sentencing judge intended that his federal sentence run concurrently, he should receive credit for all the time he spent in custody before his federal conviction, and that BOP's refusal to credit him with this time spent in state custody before his federal conviction is a sentence calculation error subject to correction under Section 2241.

The Respondent moved for summary judgment, (ECF No. 7), arguing that Johnson's sentence was properly calculated, and that he has not stated any claim for relief under Section 2241, Resp't Mem. (ECF No. 8, at 8). As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Johnson was advised of his right to respond to the motion, as well as the consequences of failing to respond (ECF No. 9). Johnson responded to the motion, submitting his own statement with exhibits. Pet.'s Resp. (ECF No. 14). Johnson's opposition acknowledges Respondent's arguments but contends that he should receive credit for his pre-sentencing custody because he was not found in violation of his state parole until the time of his federal conviction. Pet.'s Resp., Attach. (ECF No. 14, at 2, 4). As a result, he argues the time spent in state custody should be considered pretrial detention for which he claims credit on the federal sentence.

As Respondent concedes, Johnson has properly exhausted his administrative remedies. Kelly Decl. ¶ 16 (ECF No. 8-1, at 6). The Motion for Summary Judgment is therefore ripe to resolve.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 requires the Court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the initial burden of informing the Court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Anderson, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

### III.  ANALYSIS

Under 18 U.S.C. § 3585(a), a federal sentence ordinarily begins when the defendant "is received in custody . . . at the official detention facility at which the sentence is to be served." In addition, the sentence may not commence before the date on which it was imposed by the sentencing court. United States v. McClean, 867 F.2d 609, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (unpublished table opinion). As relevant here, 18 U.S.C. § 3621(b) allows the BOP to designate a nonfederal facility for service of the federal sentence which carries out the direction of the sentencing court that a federal sentence run concurrent with previously imposed state incarceration. Kelly Decl. ¶¶ 13-14 (citing Program Statement 5160.05 Designation of State Institution for Service of Federal Sentences, Attach. 9) (ECF No. 6-1, at 47-51). But because service of the federal sentence cannot begin until it is imposed, in this case the BOP could not designate a state institution for concurrent service of Johnson's sentence any earlier than July 30, 2014, the date he was sentenced on the federal charges. Kelly Decl. ¶ 8, Attach. 5 (ECF No. 8-1, at 3, 26-27).

In addition, 18 U.S.C. § 3585(b) provides:

Credit for prior custody – a defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.

1. As a result of the offense for which the sentence was imposed; or

2. As a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed: that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). In this case, the time for which Johnson complains he was denied credit was credited against his state sentence in Pennsylvania, and as a result, BOP was

5

precluded by statute from crediting it against his federal sentence notwithstanding the federal sentencing judge's direction that Johnson serve his sentences concurrently. The time he was in state custody was not pretrial detention, but time credited against his state sentence while he was in the state's primary custody before commencement of his federal sentence. Johnson did receive credit for a portion of time he spent in state custody; namely, the 235 days from the time he was convicted on the federal charges on July 30, 2014, until conclusion of his state sentence on June 30, 2015. Kelly Decl. ¶10, Attach. 6 (ECF No. 8-1, at 4, 34).

Although not expressly alleged, Johnson may contend he is entitled to credit for time spent in state custody under BOP policy implementing the holding in Willis v. United States, 438 F.2d 923, 924 (5th Cir. 1971). So-called "Willis credit" is an exception to the statutory bar against credit for time served before a federal sentence is imposed. See Frazier v. Wilson, No. 3:16cv933, 2018 WL 3040011, at *4-5 (E.D. Va. June 19, 2018) (citing BOP Program Statement 5880.28). When a federal sentence runs concurrently with a non-federal sentence, the policy allows credit for all of the time spent in non-federal pre-sentence detention up to the time the first of the concurrent sentences is imposed. Id. Here, Johnson's time in state custody was not pre-sentence detention because the state sentence he was serving had already been imposed. The Pennsylvania sentencing documents attached to Respondent's motion demonstrate that this time was credited against multiple pre-existing state sentences. Kelly Decl. ¶ 14, Attach. 8 (ECF No. 8-1, at 5, 38-39).

In his responsive brief Petitioner argues, without citation, that he should receive credit on his concurrent federal sentence because his parole violation in state court was not finally determined until August 1, 2014, after his federal conviction and sentencing. Pet.'s Resp. (ECF No. 14, at 1). He observes that the credit against his state sentence (784 days) was calculated after

his federal conviction. Id. But even if the final determination of state credit was not made until after Johnson's federal conviction, the undisputed facts demonstrate that Johnson received state credit against multiple sentences, all of which were imposed prior to his federal sentence. As a result, he was not serving a term of pre-sentence detention and is not entitled to credit under the BOP policy implementing Willis. Frazier, 2018 WL 3040011, at *5.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Respondent's Motion for Summary Judgment (ECF No. 7) be GRANTED and that Johnson's petition under 28 U.S.C. § 2241 be DENIED and the claims DISMISSED with prejudice.

### V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 17, 2021

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to:

**Eric J. Johnson**
#70717-067
Federal Correctional Institution Herlong Satellite Camp
P. O. Box 800
Herlong, CA 96113

and an electronic copy was provided to:

**Daniel Patrick Shean**
U.S. Attorney's Office (Norfolk)
101 W. Main Street
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By\_\_\_\_\_E. Price_____
Deputy Clerk
December 17, _____, 2021